20180. EDWARDS v. THE STATE.

WYATT, Presiding Justice. This is a companion case to Blount v. State, ante. Blount, Edwards, and another not now before the court, were indicted, tried, and convicted of murder. Edwards' motion for new trial was denied. The exception here is to that judgment. Held:

1. The questions presented by the general grounds of the motion for new trial and special grounds 11, 13, 14, 15, 16, 17, 18, and 1 in the instant case are identical with those presented by grounds in Blount v. State, ante, and are controlled by the rulings therein made.

2. Special ground 2 complains because the court refused to grant a mistrial upon motion of the defendant because of certain remarks made by the solicitor-general in examining a witness for the State. Even if it is admitted that the remarks were sufficient to justify the grant of a mistrial, the trial judge at the time they were made ruled out the statements and instructed the jury to disregard them and give them no consideration. This was sufficient to cure any injury done by the alleged improper remarks. It was, therefore, not error to deny the motion for mistrial.

3. Special ground 5 of the motion for new trial complains because the court denied a motion for mistrial because of a remark by the solicitor-general in introducing into evidence some packages of cigarettes, in which he said that these cigarettes were those "identified as those by the defendant in the statement

to Mr. Aldredge as those cigarettes put in a hole, a stump hole, and covered and also being part of the cigarettes removed from the Granite Hill Store." Defendant moved for a mistrial upon the ground that this was an improper statement in the presence of the jury because those cigarettes had not been identified by anyone as being those cigarettes removed from the Granite Hill Store. There is no merit in this contention. The ground itself shows that the defendant had identified them as having been removed from the Granite Hill Store, it having been held'above that the statement made by the defendant was admissible.

4. Special ground 7 of the motion for new trial complains because the court refused to grant a mistrial because of a remark by the solicitor-general to the trial judge, who had just ruled out some matches found under the house of Blount. The statement was: "Now you understand, Your Honor, that James Madison Blount is one of the coconspirators." This was not an improper statement because there was evidence that Blount was a coconspirator. The judge did not abuse his discretion in failing to grant a mistrial on this ground.

5. Special ground 12, complaining because the court failed to grant a mistrial because of certain remarks made by the judge in the trial of the case is so obviously without merit that we will simply say that the remark of the trial judge, "I have already ruled on that"—referring to a ruling on a matter he had in fact already ruled upon—was not such an expression of opinion as to entitle the defendant to a new trial, even without the instructions that the trial judge gave the jury after the motion for mistrial was made.

6. For reasons appearing in grounds 15, 16, and 17 of the motion for new trial, which are controlled by divisions 3 and 4 of *Blount* v. *State,* ante, the judgment of the court below must be

*Reversed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1958—DECIDED OCTOBER 10, 1958.

*Lewis & Rozier, Louis H. Rozier, Dickens & Dickens, G. L. Dickens, Jr., George L. Jackson,* for plaintiff in error.

*George D. Lawrence, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.